UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60367-CIV-MORENO

MOTOR-SERVICES HUGO STAMP, INC.,

    Plaintiff,

vs.

ANCLOTE MARINE WAYS, INC., *in personam*,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss For Improper Venue and Alternative Motion to Transfer Venue **(D.E. No. 6)**, filed on **April 14, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED** for the following reasons.

### Background

On or about **July 27, 2008**, Plaintiff Motor-Services Hugo Stamp, Inc. contracted with Defendant Anclote Marine Ways, Inc. for the sale of a marine diesel engine, which was installed in Defendant's vessel, MISS MILWAUKEE II. Defendant paid a deposit and Plaintiff delivered the engine. Plaintiff claims that Defendant never paid for the engine. The contract includes a forum selection clause that required any disputes to be brought before a court of competent jurisdiction within Broward County, Florida.

Because Defendant never paid for the engine, Plaintiff refused to service the engine. In August of 2007, Defendant brought suit against Plaintiff in Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida. Plaintiff immediately moved to dismiss based upon the forum selection clause. The Circuit Court granted Plaintiff's motion, and dismissed the case.

Plaintiff filed both *in rem* and *in personam* claims in this Court on **March 17, 2008**. This Court DISMISSED the *in rem* claim against the Defendant MISS MILWAUKEE II with leave to refile the claim when Plaintiff could effect service of process on the vessel. Plaintiff acknowledges that the vessel may, in fact, never operate in the Southern District of Florida, but maintains the *in personam* breach of maritime contract claim against Defendant Anclote in this District, pursuant to the forum selection clause in the contract.

**Analysis**

Defendant filed its Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue on **April 14, 2008**. Defendant argues that Plaintiff's *in rem* claim may only be brought in the Middle District of Florida at this time because the ship permanently sits there. If the Plaintiff chooses to refile its *in rem* claim against the vessel, the parties would be forced to litigate the same dispute in two separate federal courts in Florida.

Even if what Defendant asserts is true, the fact remains that this Court dismissed the *in rem* claim against the vessel because Plaintiff did not effect service of process on the vessel. Therefore, the *in rem* claim does not exist, and is not before this Court. The choice to refile the *in rem* claim is the Plaintiff's alone. Right now, Plaintiff has chosen to pursue only the *in personam* claim against Defendant Anclote in the Southern District of Florida in admiralty, and pursuant to the forum selection clause. Plaintiff is under no obligation to pursue the vessel in the

Middle District of Florida or elsewhere the vessel may sail.  Therefore, this Court will not dismiss Plaintiff's *in personam* claim, or transfer it to another venue, merely because Plaintiff *may* refile an *in rem* claim that, at this time, is not before any court, let alone a court in the Southern or Middle Districts of Florida.

Defendant also argues that there is no compelling reason to hold on to the *in personam* claim if the Court orders dismissal or transfer of the *in rem* claim because the *in personam* claim appears to merely be a simple claim for money damages for breach of contract.  Defendant argues that such claims can be brought in either state or federal court.  There is no unique federal question at issue, and Plaintiff's claim does not satisfy the requirements for diversity jurisdiction.  Therefore, this Court should not feel compelled to hear this case in the Southern District of Florida.

In response, Plaintiff argues that it has not tried to bring the claim as a diversity or federal question action.  Plaintiff's Complaint, in Paragraphs 1 and 2, clearly states the claim is brought in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and that the Court's jurisdiction arises out of 28 U.S.C. §1333, which has no jurisdictional threshold amount.  Plaintiff argues that this designation is sufficient and, indeed, required to invoke the Court's admiralty jurisdiction.

"A plaintiff who has an admiralty claim for damages for breach of contract has several options: (1) 'The claimant may invoke the federal admiralty jurisdiction under the grant of original subject matter jurisdiction 28 U.S.C. §1333,' or (2) 'By virtue of the saving to suitors clause he may sue at law in State Court or in Federal District Court.  (If however, the plaintiff elects the latter), the requirements of diversity of citizenship and the jurisdictional amount must be

satisfied.'" Metropolitan Dade County v. One (1) Bronze Cannon, et al., 537 F.Supp. 923, 927 (S.D. Fla., 1982) (citing Romero v. Bethlehem Steel Corp., 515 F.2d 1249 (5th Cir. 1975).  In the instant case, Defendant does not specifically challenge federal jurisdiction.  Defendant merely "notifies" the Court that no federal question or federal diversity exists.  Defendant incorrectly assumes Plaintiff brings this action in federal court under the "savings to suitors" clause (which requires either federal diversity or a federal question to be heard in federal district court).  Rather, Plaintiff has properly stated a claim in admiralty, invoking this Court's admiralty jurisdiction under 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.  If Plaintiff had not done so, its claim can be treated as a non-maritime civil action.  See Smith v. Pinell, 597 F.2d 994 (5th Cir. 1979).

Additionally, Defendant argues that Plaintiff filed the *in rem* and *in personam* claims jointly, and they should be pled separately without commingling claims for relief.  By integrating the two claims, Plaintiff has made it impossible to determine whether the *in personam* claim was intended as a claim for necessaries which would give rise to a maritime lien, a claim for breach of contract seeking only money damages, or a claim for some other form of relief.

Plaintiff alleges that "*In personam* defendant Anclote's instruction to Motor-Services to provide necessaries to the Vessel constitutes a maritime contract between Motor-Services and the defendant" in Paragraph 23 of the Complaint.  Plaintiff also alleges damages "from or by reason of the breach of contract in the amount of USD 14,913.83" in Paragraph 26 of the Complaint.  Additionally, in its Prayer for Relief, Plaintiff clearly requests damages against "*in personam* defendant Anclote resulting from breaches of contract as stated above" in Paragraph 27(d).  Because this Court dismissed the *in rem* claim against the vessel, it should be clear to Defendant

what form of relief Plaintiff desires.  Therefore, dismissing the Complaint, or requiring Plaintiff to file a more definite statement is unnecessary.

Finally, the forum selection clause in the contract directs any litigation arising in any way out of the contract to be brought exclusively in a court of competent jurisdiction within Broward County, Florida, to the exclusion of any other forum.  "A forum selection clause in an admiralty case may be overcome only be a clear showing that the clause is unreasonable under the circumstances."  Marco Forwarding Co., v. Continental Casualty Co., 430 F. Supp. 2d 1289, 1293 (S.D. Fla. 2005) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  "Forum selection clauses are presumptively valid, and the burden of proving unreasonableness is a heavy one."  Marco, 430 F. Supp. 2d at 1293.  A forum selection clause may be unreasonable where:

    (1) incorporation of the clause was the product of fraud or overreaching;

    (2) a party will "for all practical purposes be deprived of his day in court" because of inconvenience or unfairness of the selected forum;

    (3) the unfairness of the chosen law will deprive the plaintiff of a remedy; or

    (4) enforcement of the clause would contravene a strong public policy of the forum state.

Marco, 430 F. Supp. 2d at 1293 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

In this case, Defendant does not move to dismiss this case or change its venue for reasons of fraud or unfairness to either party.  Rather, it seems Defendant merely argues that it would be "inefficient" to potentially argue the *in rem* claim in the Middle District of Florida, and the *in*

*personam* claim in the Southern District of Florida.  Generally speaking, this is true.  However, in this case, the *in rem* claim has been DISMISSED, and Plaintiff has not indicated whether it will refile, or where it will refile.  In fact, Plaintiff may never have to refile the *in rem* claim if it successfully litigates its claim *in personam* here in the Southern District.  Defendant has not shown the forum selection clause to be "unreasonable," and transfer or dismissal is not warranted.

Therefore, it is **ADJUDGED** that:

(1) Defendant's Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue are **DENIED**;

(2) Defendant shall file an Answer to Plaintiff's Complaint by no later than **August 4, 2008**, limiting its responses to issues pertaining to the *in personam* claim only.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of July, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record